IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Ellen Klatt, as the personal representative of the Estate of John Klatt,<br><br>Plaintiff,<br>vs.<br><br>Maricopa County, et al.,<br><br>Defendants. | No. CV-14-02711-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion for Partial Summary Judgment. (Doc. 123.) For the reasons that follow, Defendants' motion will be granted.

**I.     Background**

John Klatt was booked as a pretrial detainee into the Maricopa County Jail System at the Lower Buckeye Jail on September 17, 2013. (Doc. 124-1 at 2.) Klatt was charged with sixteen counts of sexual exploitation of a minor. (Id.) Due to the sensitive nature of Klatt's charges, Maricopa County Sheriff's Office's ("MCSO") policy required that he not be placed in general population. (Docs. 1 ¶ 21; 124-1 at 18-19.) The policy recognized the danger general population posed to inmates with sensitive charges; other inmates may want to retaliate against inmates who are accused of sexually abusing minors. (Doc. 1 ¶¶ 17, 23-24.) Instead, per MCSO policy, Klatt was given the option to be housed with inmates that had similar charges ("NOC Housing") or in the administrative segregation unit ("Ad Seg"). (Doc. 1 ¶ 21.) The Ad Seg was a 23-hour

lockdown unit that housed inmates who did not necessarily have sensitive charges but nonetheless needed or requested segregation from the general population due to a variety of safety issues. (Doc. 123 at 2.) Klatt declined NOC Housing and was, therefore, placed in Ad Seg. (Doc. 124-1 at 5.) He was assigned to cell number 15 in Tower 21A. (Doc. 1 ¶ 23.)

On December 12, 2013, inmate Nike Black was placed in cell 15 with Klatt. (Docs. 1 ¶ 29; 124 ¶ 6.) Black was originally in general population but was moved to Ad Seg after he requested protection for fear of his safety. (Doc. 124 ¶ 6.) Black was being detained on charges of trespass. (Id.) Klatt and Black shared the cell for five weeks without any reported incident. (Doc. 124 ¶ 9.) But, on January 18, 2014, Black assaulted Klatt in their cell, ultimately killing him. (Docs. 1 ¶ 34; 124 ¶ 10-11.)

Plaintiff Mary Ellen Klatt, the personal representative of Klatt's estate, brings this action against Maricopa County, Joseph Arpaio in his individual capacity, Paul Penzone in his official capacity as Maricopa County Sheriff[1], and John Doe Core Officer in his or her individual and official capacities as a detention officer with the MCSO.[2] (Doc. 1.) Plaintiff asserts a 42 U.S.C. § 1983 claim (Count I), including seeking punitive damages. (Id.) In addition, Plaintiff brings three state-law claims: gross negligence (Count II), wrongful death (Count III), and a survival action (Count IV). (Id.) On December 12, 2016, Defendants filed a motion for partial summary judgment. (Doc. 123.) Plaintiff responded on February 24, 2017. (Doc. 129.) Defendants then replied on March 20, 2017. (Doc. 133.) The motion is ready for decision.

**II.     Legal Standard**

A court must grant summary judgment if, after having adequate time for discovery and upon a motion, the moving party shows that there is no genuine issue as to any

---

[1] Current MCSO Sherriff Paul Penzone replaces former Sheriff Joseph Arpaio in his official capacity.

[2] John Doe Core Officer is the Maricopa County detention officer who assigned Nike Black to the same cell as John Klatt. (Doc. 1.)

2

material fact in the record and the moving party is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of a material fact is genuine if the court determines a reasonable jury could return a verdict for the non-moving party. *Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009). In making its decision, a court must view the record in light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of identifying and presenting portions in the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party does not meet this burden of production, the motion must be denied. *Id*. But if the moving party does meet this burden of production, the burden then shifts to the non-moving party to show the existence of at least one material fact in dispute. *Id*. The non-moving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. *Id*.; Fed. R. Civ. P. 56(e). But a mere argument does not establish a genuine issue of material fact to defeat summary judgment. *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993) ("[a] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials in pleadings, but must set forth specific facts showing that there is a genuine issue for trial.") (citation omitted).

**III. Discussion**

    **A.    State-Law Claims**

Defendants contend they are entitled to summary judgment on each of the three state-law claims: Count II - Gross Negligence, Count III - Wrongful Death, and Count IV - Survival Action. (Doc. 123 at 2.) Defendants argue that Plaintiff did not (1) provide sufficient facts to support a claim for gross negligence, (2) allege any economic damages, and (3) establish that the decedent had any statutory survivors, respectively. (Id.)

In response to Defendants' Motion for Partial Summary Judgment, Plaintiff

1 concedes that, due to the lack of a statutory beneficiary and a cognizable economic damage, Klatt's state-law claims "passed away with him." (Doc. 129 at 17.) Plaintiff does not object to their dismissal. (Id.) Therefore, Defendants are entitled to summary judgment on all three state-law claims.

### B. John Doe Core Officer

Throughout Plaintiff's Complaint, she alleges wrongs done by the officer who assigned Black to the cell with Klatt. (Doc. 1.) Plaintiff identifies this officer as "John Doe Core Officer." (Id.) Through discovery, the assigning officer was identified as Detention Officer Jessica Montgomery. (Doc. 124-2 at 9.) Plaintiff has not amended her Complaint to reflect any allegations made toward Officer Montgomery and has not provided any good cause for the failure to amend her Complaint in compliance with Rule 16(b) of the Federal Rules of Civil Procedure and this Court's Order. (Doc. 32.) Time to amend the pleadings expired on August 7, 2015. In her Response, Plaintiff fails to address Defendants' request for dismissal as to all claims against John Doe Core Officer. (Doc. 123 at 2.) Therefore, Defendants' motion is granted and all claims against John Doe Core Officer are dismissed. *See Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("John Doe" may be used until the parties have been given an opportunity through discovery to identify the unknown defendant).

### C. 42 U.S.C. § 1983

Plaintiff alleges a single count under 42 U.S.C. § 1983. (Doc. 1 ¶¶ 44-51.) Plaintiff asserts, *inter alia*, that Arpaio is liable in his individual capacity for failure to supervise and train the jail officers who assigned inmates to their cells within Ad Seg. (Doc. 1 ¶ 49.) Plaintiff further alleges that Arpaio was deliberately indifferent to the safety of NOC inmates by accepting formal and informal jail policies regarding cell assignments. (Id.) These failures allegedly resulted in a breach of Klatt's Fourteenth Amendment right to due process.[3] (Doc. 1 ¶¶ 49-50.) Plaintiff also asserts that Penzone in his official capacity

---

[3] In her Response, Plaintiff asserts a theory against Arpaio for "failure to protect" Klatt. (Doc. 129 at 12.) However, Plaintiff did not assert a "failure to protect" allegation

4

and Maricopa County maintained a policy, custom or practice of randomly assigning detainees to cells in Ad Seg that violated Klatt's constitutional right. (Doc. 1 ¶¶ 47-48.)

### 1. Arpaio In His Individual Capacity

In a § 1983 claim, "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or callous indifference to the rights of others." *Preschooler II v. Clark Cnty. Sch. Bd. of Tr.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005)). Supervisory liability can exist without overt personal participation in the offensive act if supervisory officials implement a policy that is the moving force of a constitutional violation. *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002). To be considered the "moving force" behind an unconstitutional violation, the supervisor must "set in motion a series of acts by others, or knowingly refuse[] to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

In order to prevail on a failure-to-train claim, the plaintiff must show that the failure amounted to deliberate indifference. *Canell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir. 1998) (citing *City of Canton v. Harris,* 489 U.S. 378, 388 (1989)). The inadequate training must be the result of a deliberate or conscious choice on the part of the defendant. *Id.* at 1214.

Plaintiff alleges Arpaio knew of and acquiesced to the following policies: the use of jail cards, limiting the cell assignment officer's ability to see an inmate's background, and allowing inmates with sensitive charges the option of going to NOC Housing or Ad Seg. (Doc. 129 at 14-15.) These practices, Plaintiff asserts, were the direct cause of

---

against Arpaio in her Complaint. (Doc. 1.) Therefore, her reliance on *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016), and the theory of "failure to protect" are not applicable here. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000) (holding that the district court did not err in prohibiting plaintiffs from proceeding on a theory raised for the first time at summary judgment).

Klatt's constitutional deprivations. (Id.) In addition, Plaintiff alleges Arpaio was put on notice that these practices created a substantial risk of harm to an inmate with sensitive charges because of the death of another inmate in Ad Seg four years prior to Klatt's death. (Doc. 129 at 11-12.)

Here, Plaintiff has provided no evidence that Arpaio was personally involved in the incident at issue, or in the training or supervision of Officer Montgomery or the other detention officers on duty that day. Nor has Plaintiff provided any evidence that Arpaio made a deliberate or conscious choice to provide inadequate training. Plaintiff has not sufficiently provided evidence that Arpaio knew or reasonably should have known of a systemic problem that posed a substantial risk to Klatt's safety and then failed to act in light of the risk. Plaintiff alleges the death of inmate Wietse ten Boden four years before Klatt's death should have put Arpaio on notice that the cell assignment procedures within Ad Seg were dangerous for inmates with sensitive charges.[4] (Doc. 129.) Arpaio argues that ten Boden's death could not have reasonably put him on notice because ten Boden's murder was racially motivated, not because of the sensitive nature of his criminal charges. (Docs. 129 at 2; 130 at 7; 133 at 6.) In addition, Plaintiff fails to allege any other specific incidents of violence that would have put Arpaio on notice of the risk of putting Klatt, an inmate with sensitive charges, in an Ad Seg cell, as opposed to NOC housing.[5] Without more examples of harm due to the constitutional deprivations *alleged in the Complaint*, Plaintiff fails to show how Arpaio personally knew or should have known of the substantial risk that Klatt would be harmed by MCSO policies. As a result, Plaintiff cannot satisfy the "knew or reasonably should have known" element required to establish a § 1983 claim based on failure to supervise. *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that generally only in those situations in which there is a history

---

[4] ten Boden was placed in Ad Seg after being detained on charges of sexual molestation of a minor. (Doc. 129 at 2.)

[5] Klatt and Black shared the same cell for five weeks without any reported incidences. (Doc. 124 ¶ 9.)

6

of widespread abuse may knowledge be imputed to the supervisory personnel). Therefore, Arpaio is entitled to summary judgment on Count I in his individual capacity.[6] *Celotex Corp.*, 477 U.S. at 323 ("[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").

### 2. Penzone In His Official Capacity

Defendants argue that all claims against Penzone in his official capacity should be dismissed because they are duplicative to the claims against Maricopa County. (Doc. 123 at 1-2.) When both a municipal officer and a local government entity are named as defendants in a complaint, a court may dismiss the officer as a redundant defendant. *E.g. Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *see also Ctr. For Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't.*, 533 F.3d 780, 799 (9th Cir. 2008). In this case, both Maricopa County and Penzone in his official capacity are named as defendants in Count I. Plaintiff argues in her response that in previous cases Maricopa County has moved to dismiss itself from § 1983 claims and then attempted to assert liability on the acting sheriff in his or her official capacity. (Doc. 129 at 17.) Plaintiff therefore argues that keeping Penzone in his official capacity is necessary until Maricopa County acknowledges that it will satisfy any judgment under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (Id.)

Defendants have not moved to dismiss Maricopa County in this case, and Maricopa County identified itself as a defendant in the Motion for Partial Summary Judgment. (Doc. 123 at 1.) Maricopa County has therefore received notice and been given an opportunity to respond. Thus, Plaintiff's argument is inapposite and Penzone in

---

[6] Because Plaintiff cannot survive summary judgment on her claim for supervisor liability against Arpaio in his individual capacity, the Court need not reach Arpaio's argument regarding qualified immunity.

his official capacity is a duplicative defendant that must be dismissed.

### D. Punitive Damages

Maricopa County is the only remaining Defendant. Because punitive damages are not available against Maricopa County, Plaintiff is unable to collect punitive damages on her remaining claim. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981) (stating that under § 1983 punitive damages may not be recovered from municipalities).

## IV. Conclusion

The Court has considered each claim in light most favorable to Plaintiff and determined that the following counts should be dismissed with prejudice: Count I against Penzone and John Doe Core Officer in their official capacities; Count I against Arpaio and John Doe Core Officer in their individual capacities; Counts II-IV against all Defendants; and all claims for punitive damages against Arpaio and John Doe Core Officer in their individual capacities. Therefore, all that remains in this case is Count I against Maricopa County. Accordingly,

**IT IS ORDERED**:

1. That Defendants' Motion for Partial Summary Judgment (Doc. 123) is **granted**;
2. That Counts II, III, and IV are **dismissed** with prejudice;
3. That the Clerk of Court substitute Sheriff Paul Penzone in his official capacity for ex-Sheriff Joseph Arpaio in his official capacity; and
4. That Defendants John Doe Core Officer, Joseph Arpaio in his individual capacity, and Paul Penzone in his official capacity are **dismissed** from this action with prejudice.

Dated this 14th day of July, 2017.

Honorable Steven P. Logan
United States District Judge